UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERTA GOODMAN<br><br>VERSUS<br><br>THE TULANE UNIVERSITY OF LOUISIANA d/b/a Tulane University; UNIVERSAL PROTECTION SERVICE, LLC d/b/a Allied Universal Security Services and ALVIN DOUCETTE | Civil Action No.:<br><br>Section:<br><br>**COMPLAINT AND JURY DEMAND** |

### PLAINTIFF'S ORIGINAL COMPLAINT

**NOW INTO COURT**, Plaintiff Roberta Goodman ("Plaintiff" or "Ms. Goodman"), by and through her undersigned counsel, files this Complaint and Jury Demand against Defendants The Tulane University of Louisiana ("Tulane"), Universal Protection Service, LLC ("Allied") and Alvin Doucett ("Officer Doucette").

### INTRODUCTION

1.

This action arises from Defendants' violations of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. ("Title VII").

2.

This action is filed to provide Plaintiff relief for the unlawful discrimination and sesual harassment in employment. Plaintiff seeks monetary and equitable remedies for past, present, and future wage loss, and mental and emotional distress.

## JURISDICTION AND VENUE

3.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

4.

This court has personal jurisdiction over Defendant, Tulane, Tulane is a for-profit corporation doing business in Louisiana. At all times relevant, Defendant, Tulane operated its business within the State of Louisiana. Defendant is an "employer" engaged in an industry affecting commerce as defined by 42 U.S.C. § 2000e(b).

5.

This court has personal jurisdiction over Defendant, Allied. Defendant Allied is a for-profit corporation doing business in Louisiana. At all times relevant, Allied Universal operated its business within the State of Louisiana. Defendant is an "employer" engaged in an industry affecting commerce as defined by 42 U.S.C. § 2000e(b).

6.

This court has personal jurisdiction over Defendant, Alvin Doucette. At all times material hereto, Alvin Doucette is employed by Tulane University as a Police Officer.

7.

Both Tulane and Allied operate their business within the Eastern District of Louisiana. All actions and inactions by Defendants alleged herein occurred within the Eastern District of Louisiana. Venue in this district is proper for the Defendant pursuant to 28 U.S.C. §1391(b) & (c).

8.

Venue is proper with this Venue is proper with this Court because Defendant's place of business was in this District [28 U.S.C. § 1391(b)(1)] and Plaintiff's claims arose out of events and omissions of which a substantial part occurred in the Eastern District of Louisiana [28 U.S.C. §1391(b)(2)].

## PARTIES

9.

Plaintiff, Roberta Goodman, is an African American female residing in New Orleans, Louisiana. At all relevant times, Plaintiff is and has been a resident of the State of Louisiana and met the definition of an "employee" under all applicable statutes.

10.

Upon information and belief, Defendant Tulane is a corporation engaged in operating a University in the New Orleans, Louisiana area. At all relevant times, Tulane has met the definition of an "employer" under all applicable statutes. Tulane is a joint employer because it exercised management and control over the security guards while they were stationed on Tulane's property. The right to control an employee's conduct is the most important component of the joint employer test. The right to control is determined by "which entity made the final decisions regarding employment matters relating to the person claiming discrimination." *Id.* Allied is a corporation engaged in providing Security Guard Services in the New Orleans, Louisiana area. At all relevant times, Allied has met the definition of an "employer" under all applicable statutes. Allied participated in the discriminatory actions because it failed to protect Plaintiff from injuries. *See, Burton v. Freescale Semiconductor, Inc.*, 798 F.3d (5th Cir. 2015).

11.

Defendant, Alvin Doucette, resides in New Orleans, Louisiana. At all relevant times, Alvin Doucette is and has been a resident of the State of Louisiana and met the definition of an "employee" under all applicable statutes.

## FACTS

12.

Tulane is a privately owned corporation that contracts with multiple businesses that provide goods and services. At all material times hereto, Tulane controlled and managed security guards while they were providing security guard services on Tulane's property.

13.

Tulane operates the University at 6823 St Charles Ave, New Orleans, LA 70118.

14.

At all material times hereto, Tulane helped control and manage security guards while they were on Tulane's property. As a result, Tulane is joint employer of the security guards that work on Tulane's property.

15.

On or about January 2001, the Plaintiff began working at Tulane as a security guard and is still currently employed as a security guard.

16.

Mr. Alvin Doucette is employed as a police officer for Tulane University's Police Department and was an employee of Tulane at all times material hereto.

17.

Plaintiff was the victim of sexual harassment that was committed by Mr. Doucette on May 11, 2022.

18.

On or about May 11, 2022, Plaintiff was working on her birthday. Tulane University Police Officer Doucette requested if it was okay to give Plaintiff a hug for her birthday. This was Plaintiff's first-time meeting Officer Doucette. While Plaintiff felt the question was awkward, she ultimately felt pressured and allowed Officer Doucette to give Plaintiff a hug.

19.

Shortly thereafter, Plaintiff was speaking with Tulane University Officer Pagano when Officer Doucette approached them and informed them, he had a vasectomy. Plaintiff responded with, "that is TMI" (too much information). Officer Doucette responds with, "you know you want to have sex with me." Plaintiff responded with "don't play with me" and "you are going too far." Officer Doucette laughed at Plaintiff's comments and left the immediate area.

20.

As a result of Officer Doucette's sexual advancement, Plaintiff immediately felt uncomfortable and traumatized. Plaintiff was a victim of rape in the past and his comments immediately caused the Plaintiff to become severely emotionally distressed.

21.

Plaintiff asked Officer Pagano for Tulane University Police Department's procedure to report sexual harassment.

22.

Plaintiff was advised to inform her Supervisor Chad of the incident. Chad reported the incident to Manager, Brian Block. Mr. Block advised Plaintiff to make a written report explaining the incident.

23.

Plaintiff spoke with Human Resources Representative, Katheryn, to report the incident. Plaintiff was not granted a resolution for the incident.

24.

During Plaintiff's investigation, Plaintiff discovered from employees of Tulane University that Officer Doucette had been previously accused of sexual harassment.

25.

To Plaintiff's knowledge, the only reprimand Officer Doucette received was a training class for his involvement in the incident and was transferred to a separate unit while still being employed by Tulane's Police Department. The "slap on the wrist" that Officer Doucette received enabled him to feel entitled to intimidate the Plaintiff repeatedly since the subject incident. Since the incident, I have seen Officer Doucette multiple times and he continues to intimidate through the use of inappropriate body language and gestures.

26.

On one occasion, on or about October of 2022, Plaintiff was working a Tulane University football event, Officer Doucette was assigned to work the same event. Officer Doucette intimidated and antagonized Plaintiff by repeatedly staring, smiling, and making faces at Plaintiff during the event. Plaintiff alerted her supervisors, Fred Harris and Michael Baldwin, of the incident and was only instructed to "move to the other side if she felt uncomfortable". Again, Plaintiff's concerns about Officer Doucette's actions were ignored.

27.

On another occasion, on or about December of 2022/January of 2023, Plaintiff was assigned to work at the Tulane Medical Center Emergency Room. As Plaintiff was looking for

office supplies, Officer Doucette was approaching the Plaintiff until she spotted him. Officer Doucette smiled and made intimidating gestures and then left the immediate area. Again, Plaintiff reported Officer Doucette but her concerns were, once again, ignored.

28.

As a result of Tulane and Allied's failure to address Plaintiff's concerns, Plaintiff was discouraged from reporting Officer Doucette for his continuous harassment and intimidation. The culture that Tulane University encouraged in the face of sexual harassment, assaults, severe and pervasive conduct has severely affected the Plaintiff's emotional state. Tulane and Allied failed to take prompt remedial action when informed of the assaults, sexual harassment and severe and pervasive conduct. Tulane and Allied had actual knowledge of the assaults, sexual harassment, and severe and pervasive conduct.

## CAUSES OF ACTION

### A.  SEXUAL HARASSMENT

29.

Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs 1 - 28 and further states that:

30.

Plaintiff sues Tulane University for sexual harassment.

31.

Plaintiff is a member of a protected class-female.

32.

Plaintiff was subjected to unwelcome sexual advances and verbal conduct as described more fully herein.

33.

The unwelcome harassment was based on her sex-female.

34.

The harassment affected a term, condition or privilege of employment.

35.

Defendant knew or should have known of the harassment but failed to take prompt remedial action.

36.

Defendant acted with reckless indifference to the Plaintiff's rights; therefore she is entitled to punitive damages.

B. **SEXUAL DISCRIMINATION**

37.

Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs 1 – 36 and further states that:

38.

Plaintiff sues Tulane University for sex discrimination under 42 U.S.C. § 2000(e).

39.

Plaintiff is a member of a protected class-female.

40.

Plaintiff was qualified for the position she held as a security guard.

41.

Plaintiff suffered an adverse employment action.

### C. HOSTILE WORK ENVIRONMENT

42.

Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs 1 – 41 and further states that:

43.

Plaintiff sues Tulane University for creating and maintaining a hostile work environment under 42 U.S.C. 2000(e).

44.

Plaintiff is a member of a protected class-female.

45.

Tulane University, through Officer Doucette subjected Plaintiff to unwelcome harassment and discrimination.

46.

The harassment and discrimination were based on Plaintiff's sex.

47.

The harassment was so severe and pervasive that it affected a term, condition and/or privilege of Plaintiff's employment with Allied Universal, thus creating an abusive work environment.

48.

By subjecting Plaintiff to an abusive work environment, Defendant intentionally or recklessly engaged in an extreme and outrageous course of conduct that caused Plaintiff significant emotional distress.

### D. NEGLIGENT HIRING

49.

Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs 1 - 48 and further states that:

50.

Tulane University owed the Plaintiff a legal duty to hire, supervise, train, and retain competent employees.

51.

Tulane University failed in its duty to hire, supervise, train, and retain competent employees. Specifically, it failed to inquire and/or consider Officer Doucette's past accusations of sexual harassment with his previous employers.

52.

Tulane University's failure created a dangerous and unsafe work environment and proximately caused Plaintiff's injuries.

### E. ASSAULT BY SEXUAL ADVANCEMENT

53.

Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs 1 - 52 and further states that:

54.

Defendants, Officer Doucette acted knowingly, intentionally or recklessly in making sexual advancement to Plaintiff.

55.

Such contact took the form of assault.

56.

Defendant's advancement was offensive and unwanted.

57.

Defendants knew or reasonably should have known that such conduct would be regarded as offensive and caused injury to Plaintiff. Defendants failed to protect Plaintiff from Officer Doucette's conduct.

### F. SEXUAL ASSAULT

58.

Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs 1 - 57 and further states that:

59.

Defendant, intentionally or knowingly sexually assaulted Plaintiff.

60.

The act of Sexual Assault was an unwanted assault.

61.

Defendant's assault injured Plaintiff and is the proximate cause of her damages.

### G. RESPONDENT SUPERIOR

62.

Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs 1 – 61 and further states that:

63.

Tulane University is liable for the acts of its employee, Officer Doucette.

64.

Plaintiff was injured by the tortious acts of Officer Doucette during while he was employed by Tulane University.

65.

Such acts were in the course and scope of his employment.

66.

Officer Doucette was an agent of Tulane University, whose acts are imputed to his corporate principal.

## ADMINISTRATIVE PROCEDURES

67.

On March 30, 2023, the Plaintiff filed a timely Charge of Discrimination alleging sex discrimination with the Equal Employment Opportunity Commission ("EEOC") against Tulane. (A true and accurate copy of EEOC Charge of Discrimination, is attached hereto as Exhibit "A"). On June 29, 2023, the Plaintiff filed a timely Charge of Discrimination alleging Harassment, Sexual Harassment, Sex Discrimination, Retaliation with the Equal Employment Opportunity Commission ("EEOC") against Allied. (A true and accurate copy of EEOC Charge of Discrimination, is attached hereto as Exhibit "B").

68.

The Plaintiff has satisfied all statutory prerequisites for filing this action.

69.

On March 31, 2023, the EEOC issued to Plaintiff a "Dismissal and Notice Of Rights" letter from the EEOC for her Charge of Discrimination. Plaintiff received this letter on April 10, 2023. (A true and accurate copy of the EEOC "Dismissal and Notice of Rights" letter for EEOC Charge of Discrimination, is attached hereto as Exhibit "C").

70.

To remedy the violations of the rights of the Plaintiff secured by Title VII, Plaintiff request that the Court award them the relief prayed for below.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for a judgment as follows:

1. That the Court grant full front pay to the Plaintiff;

2. That the Court grant Plaintiff compensatory damages for the humiliation, emotional distress, and other damages caused by Defendants' conduct;

3. That the Court grant Plaintiff punitive damages for Defendants' malicious and recklessly indifferent conduct;

4. That the Court grant Plaintiff all employment benefits she would have enjoyed had she not been discriminated against;

5. That the Court grant Plaintiff expenses of litigation, including reasonable attorneys' fees, pursuant to the Title VII, and/or 42 U.S.C. § 2000(e);

6. Pre-judgment interest;

7. That the Court grant Plaintiff all other relief the Court deems just and proper; and,

8. That the Court grant a permanent injunction against defendant's agents, successors, employees, representatives, and any and all persons acting in concert with the defendant, prohibiting them from engaging in unlawful sexual harassment, assault, sexual assault, sex discrimination against employees or applicants for employment.

## **JURY DEMAND**

Ms. Goodman demands a trial by jury of all issues do triable in this action.

Respectfully submitted this 29th day of June 2023.

                        Respectfully Submitted,

                        **THE MINIAS LAW FIRM**

                        */s/ Christopher Minias*
                        **Christopher A. Minias (#36230)**
                        1615 Poydras Street
                        Suite 900
                        New Orleans, LA 70112
                        Phone: (504) 777-7529
                        Fax: (504) 556-2866
                        Email: chris@miniaslaw.com